RECEIVED
IN ALEXANDRIA, LA.
NOV - 5 2013
TONY R. MOORE, CLERK
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARSHALL LANDRY, ET AL | : | DOCKET NO. 2:12-2766 |
| VS. | : | JUDGE TRIMBLE |
| WILLIAM S. HAYE, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion for Partial Summary Judgment" (R. #17) filed by defendant, Quality Carriers, Inc. who moves to dismiss plaintiffs' claims of bad faith damages pursuant to Louisiana Revised Statute 22:1892 and/or 22:1973 and plaintiffs, Ernest Boyde and Bobby Knott's claims for economic loss allegedly suffered for loss of use of the vehicle involved in the accident.

### FACTUAL STATEMENT

On or about June 20, 2012 a motor vehicle accident occurred wherein plaintiffs allege that Bobby Knott sustained personal injuries and lost wages, that Marshall Landry sustained property damage and related damage, and that Ernest Boyde sustained unspecified economic losses as a result of the accident. Defendants, Quality Carriers and William Haye are not insurers. Marshall Landry is the owner of the vehicle involved in the accident.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

Defendants, William Haye and Quality Carriers, seek to dismiss plaintiffs' "bad faith" penalties/claims under Louisiana Revised Statute 22:1892 and/or 22:1973. Defendants argue that such claims for penalties apply only to insurers. In their opposition, plaintiffs concede that bad faith penalties would only apply to an insurer and not to these defendants. Accordingly, the motion for partial summary judgment will be granted as to these claims against defendants, Haye and Quality Carriers.

Defendants further seek to dismiss plaintiffs' Ernest Boyde and Bobby Knott's claims for economic damages allegedly owed to them for the disrepair of Marshall Landry's vehicle. Ernest Boyde leased the vehicle and Bobby Knott was hired to drive the vehicle. Defendants assert that owner, Marshall Landry has the sole right to any damages for "loss of use" which might be proven at trial.

Plaintiff, Boyde contends that he suffered economic loss due to the damage to the vehicle he leased from Landry because he did not have a replacement truck to put into service citing Louisiana Civil Code articles 2315 and 2316. Boyde argues that it is foreseeable that a lessee who leases a truck from the owner in an effort to obtain economic benefit from the use of the truck would sustain an economic loss from the loss of use resulting from the damage to the subject vehicle. Boyde relies on <u>Wiltz v. Bayer Cropscience.</u>[9] In that case the court opined that in Louisiana when determining the ease of association for damages caused by a defendant's negligence, the court must inquire as to whether the harm which befell the plaintiff was easily associated with the type of conduct engaged in by the defendant. Thus, Boyd posits that the leasing of trucks to derive economic benefits is a

---

[9] 654 F.3d 690 (5th Cir. 2011).

common occurrence in the trucking industry and therefore the issue of foreseeability in the instant case is not strained.

Defendants, on the other hand, remark that in the Wiltz case, only the owners of the damaged property, and not the buyers and/or suppliers were entitled to economic loss. Defendants argue that only the owner, Marshall Landry, is entitled to prove economic loss at trial, and that any claim for such damages due to the tortious damage to the truck they did not own must be dismissed. The court agrees that only the owner, Marshall Landry, would be entitled to claims for economic loss in this lawsuit.

## CONCLUSION

For the reasons set forth above, the motion for partial summary judgment will be granted dismissing with prejudice plaintiffs' claims of bad faith penalties against defendants, William Haye and Quality Carrier, and plaintiffs, Ernest Boyde and Bobby Knott's claims of economic loss shall be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of November, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE