UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MARSHALL LANDRY, ET. AL          :          CIVIL ACTION NO. 2:12-cv-2766

VERSUS                           :          JUDGE TRIMBLE

WILLIAM S. HAYE, ET. AL          :          MAGISTRATE JUDGE KAY

MEMORANDUM RULING

Defendants filed a Motion to Compel Responses to Written Discovery on November 16, 2012.  Doc. 6.  In that motion defendants alleged, and plaintiffs did not dispute, that plaintiffs had failed to produce any response to discovery propounded.  On December 17, 2012, this court ordered plaintiffs to respond.  Doc. 8.  Upon being notified that plaintiffs had responded we denied the original motion.  Doc. 9.  On June 2, 2013, defendants filed a Second Motion to Compel and for Contempt and Motion for Attorney Fees.  Doc. 19.  This motion seeks production of plaintiffs' income tax returns and associated documents not produced by plaintiffs with their original response.

A hearing was held November 7, 2013, and the motion was denied in open court except with respect to plaintiff Boyde.[1]  Plaintiffs have appealed this ruling.  Doc. 47.  So that the trial court may have the benefit for our reasons for granting the motion in part we submit this Memorandum Ruling.

---

[1] At the hearing the parties stipulated that the trial court's granting summary judgment (Doc. 45), dismissing, *inter alia*, plaintiff Boyde's claim for economic loss, eliminated *in toto* the economic damage claim of plaintiff Boyde. See Minutes of Motion Hearing, Doc. 46.  It was for this reason that the motion was denied as to plaintiff Boyde. However, we indicated at hearing that plaintiff Boyde would also be compelled to produce if somehow his claim for economic loss should reemerge.  Hereafter in this opinion we continue to use "plaintiffs" for convenience, it being understood that plaintiff Boyde is excluded.

Plaintiffs are associates in a trucking endeavor: Marshall Landry owns the truck, Ernest Boyde leases the truck from Landry, and Bobby Knott is the driver.  Doc. 19, att. 2, pp. 1-2, ¶ 3. Plaintiffs claim various losses sustained in a motor vehicle accident that occurred on June 20, 2011. *Id.*   More specifically plaintiffs' petition states that Landry suffered a loss of income from damage to the truck, that Boyde suffered economic loss, and that Knott suffered loss of wages. *Id.*, pp. 2-3.

Defendants complain that plaintiffs' initial response to discovery was insufficient as plaintiffs failed to provide their income tax returns and associated documents as requested.  Doc. 19, p. 1.  Plaintiff formally objected to production of these items claiming the request

> seeks confidential information. Furthermore, any request for the release of tax returns is overly burdensome, overly intrusive, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Courts have held that a person seeking to discover a party's income tax returns must make a showing of good cause, because income tax returns are confidential in nature and are of a personal character. See <u>Natural Gas Pipeline Company of America</u>, 2. F.3d 1397, 1411 (5th Cir. 1993) (citing <u>S.E.C. v. Cymaticolor Corp.</u>, 106 F.R.D. 545, 547 (S.D.N.Y. 1985).

Doc. 19, att. 5, pp. 7–8 (Landry); doc. 19, att. 6, pp. 7–8 (Boyde); doc. 19, att. 7, pp. 10–11 (Knott).  Defendants contend that the income tax returns must be produced because: (1) plaintiffs each claim some form of economic loss; and (2) information regarding economic loss cannot be obtained by other means. Doc. 19, att. 1 at 4–5.   In both oppositions filed by plaintiffs they reiterate the passages given in their formal objection to production, i.e. that the tax returns are confidential and defendants have not shown good cause for their production.  Doc. 24, p. 1, Doc. 37, p. 1.

Rule 26(b)(1) of the *Federal Rules of Civil Procedure* provides the general scope of permissible discovery and it states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."   When, as here, a party has placed

the subject of his income or earning capacity at issue in litigation, tax return information is relevant. *Butler v. Exxon Mobil Refining and Supply Co*. 2008 WL 4059867, 2 (M.D.La.,2008), citing *Green v. Seattle Art Museum,* 2008 WL 624961 (W.D.Wash.2008).

Plaintiffs have asserted a privilege with respect to the production of their income tax returns and related documents (plaintiffs assert these returns are "confidential") and defendants ask us to order production nonetheless.  Plaintiffs cite as authority *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc*. 2 F.3d 1397 (5th Cir. 1993).

While *Natural Gas* does state the general principle that "[i]ncome tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery" (2 F.2d at 1411, citing *SEC v. Cymaticolor,* 106 F.R.D. 545, 547 (S.D.N.Y.1985)) it is otherwise wholly inapposite.  The court in *Natural Gas* reversed a trial court's order directed to a non-party (the alleged former attorney for defendant) that the attorney's personal income tax returns be produced.  The income tax records there were not sought in ordinary course of discovery related to a claim of economic loss but rather the court ordered production *sua sponte* in a post-judgment effort to locate assets of a particularly recalcitrant judgment debtor.  The Fifth Circuit concluded that, while a trial court might in some circumstances have inherent authority to order production from a non—party, the court there overstepped its authority.  The facts of that case render it inapplicable here.

It is true that an individual's income tax returns are sensitive in nature and courts are reluctant to order their routine disclosure.  *Reed v. Tokio Marine and Nichido Fire Ins. Co., Ltd.,* 2010 WL 420921 at *1 (W.D. La. 2010)*.  It is also true that, given their sensitive nature, Rule 26 of the *Federal Rules of Civil Procedure* would require a party seeking to compel the disclosure of tax returns to demonstrate (1) that the returns are relevant to the subject matter of the action;

and (2) a compelling need for the returns because the information contained therein is not otherwise readily obtainable through alternative forms of discovery.  *Id.*

We find defendants have adequately demonstrated need, i.e. plaintiffs' claims for economic loss.  We also accept defendants' uncontroverted assertion that the information contained in the tax returns is not obtainable through alternate forms of discovery.  As defendants point out: "the plaintiffs are the ostensible payors and payees of each other's wages with respect to the subject truck, which Landry owns, Boyde rents, and Knott drives."  Doc. 42, p. 3.  We therefore agree that the information contained in the tax returns and related documents cannot be obtained by other means and that plaintiffs must produce them.

Plaintiffs further object to production claiming the request to be "overly burdensome, overly intrusive, not relevant and not reasonably calculated to lead to the discovery of admissible evidence."  Doc. 19, att. 5, pp. 7-8 (Landry), Doc. 19, att. 7, pp. 10-11 (Knott).

We have already concluded that the documents sought are relevant.  Plaintiffs have offered no facts to support their conclusions that production would be overly burdensome or overly intrusive and it would be hard for this court to imagine how that would be so.  Documents of this sort are routinely produced in litigation.  Accordingly plaintiffs' objection to production on this basis is overruled as well.

It is for the foregoing reasons that we concluded in open court on November 7, 2013, that the Motion to Compel should be denied as to plaintiff Boyde but granted as to the remaining plaintiffs.  We note again that plaintiff Boyde should be similarly compelled to produce these documents should he at some point successfully reassert a claim for economic loss.

THUS DONE this 21st day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE