RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1/30/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARSHALL LANDRY, ET AL** | : | **DOCKET NO. 2:12-2766** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WILLIAM S. HAYE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING AND ORDER

Before the court is "Plaintiffs' Objection to Magistrate Judge Kay's Order" (R. #47) wherein plaintiffs, Marshall Landry and Bobby Knott object to an order of the Magistrate Judge that the tax returns requested by defendants be produced within twenty-one days from the hearing on November 7, 2013. For the following reasons, plaintiffs' objections are overruled and the appeal is denied.

The instant lawsuit is for personal injuries, lost wages, property damages and economic loss that arose out of a motor vehicle accident which occurred on or about June 20, 2012. In the original petition for damages, Knott alleges that he suffered a loss of wages incident to the injury received from the accident.[1] Landry alleges that he suffered property damages and "reasonable damages in the premises in connection with the property damage.[2]

Defendants made a request for production of documents on September 27, 2012. Because plaintiffs failed to respond, defendant filed a motion to compel; Magistrate Judge Kay granted the motion in defendant's favor and ordered plaintiffs to provide the responses no later than December 28, 2012. Plaintiffs partially responded but refused to provide the requested tax returns and

---

[1] Petition for damages, ¶ 7. R. #1.

[2] Id., ¶ 8.

associated documentation. Consequently, defendants filed a second motion to compel which specifically sought plaintiffs' tax returns. On November 7, 2013, Magistrate Judge Kay ordered production of plaintiff's Landry and Knott's tax returns.[3] On November 19, 2013, plaintiffs filed the instant appeal from the Magistrate's ruling.

Pursuant to defendants' second motion to compel and for contempt, Magistrate Judge Kay held a hearing and ordered defendants to produce their tax returns. In this appeal, plaintiffs objects to the order contending that it seeks confidential information, is overly burdensome, overly intrusive, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs maintain that they are under no obligation to provide tax returns absent the defendant showing good cause citing Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,[4] Defendants maintain that tax returns are relevant in this action because both lost wages and economic losses are alleged as plaintiffs' damages and because the information is not obtainable by other means. Defendants complain that plaintiffs' response was Boyde's three check stubs which defendants contend do not reflect routine or extraordinary payments. Moreover, they fail to reflect any amount of wages or economic loss sustained because there is no regular period of income to compare the check stubs to.

Defendants further complain that even though he alleged lost wages, Knott has produced nothing to show his pre-accident wages ( Knott's potential damages arise from his work for Boyde).

The court finds that plaintiffs Knott and Landry's tax returns are relevant to the damages they

---

[3] Magistrate deferred production of Boyde's claims because the court had previously dismissed his loss of use claim; plaintiff's counsel advised that Boyde no longer appears to have any viable claims.

[4] 2 F.3d 1397 (5th Cir. 1993)( the court held that a non-party attorney apparently complicit in a fraudulent scheme was not required to produce his tax returns).

2

have alleged in the complaint, and as such defendants have shown good cause as to why these documents are discoverable.

## ORDER

IT IS HEREBY ORDERED that plaintiff's appeal of Magistrate Judge Kay's Order to produce tax returns is DENIED. Plaintiffs' contention that the tax returns are irrelevant and otherwise inadmissible is so patently absurd that this case will be dismissed in its entirety for failure to comply with this order.

IT IS FURTHER ORDERED that plaintiff's Landry and Knott, shall properly respond as mandated by Magistrate Judge Kay's order of December 17, 2012[5] no later than 21 days from the date of this Order.

IT IS FURTHER ORDERED that defendants are awarded the legal fees and costs for having to file and proceed with the Second Motion to Compel Responses to Written Discovery and for Contempt as well as having to defend the instant appeal. Defendants shall file detailed documentation itemizing the costs and attorneys fees associated with the second motion to compel and this appeal no later than 21 days from the date of this order. Plaintiffs may file any objection and/or traversal no later than 14 days thereafter, after which the court will then consider and decide upon the amount of the award to be granted to defendants.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of January, 2014.

---

[5] R. #8.

```
                              _____
                              JAMES T. TRIMBLE, JR.
                              UNITED STATES DISTRICT JUDGE
```