RECEIVED
SEP 29 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MARSHALL LANDRY, ET AL | CIVIL ACTION NO. 2:12-2766 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WILLIAM S. HAYE, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Partial Summary Judgment" (R. #74) wherein movers, Marshall Landry and Bobby Knott, seek to have the court render a judgment of liability in their favor and against defendants, William Haye and Quality Carriers, Inc. pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the motion will be denied.

## FACTUAL STATEMENT

On June 20, 2011, plaintiff, Bobby Knott, was involved in a collision with a tractor trailer owned by defendant, Quality Carriers, Inc. and driven by defendant, William Haye. Immediately before the accident, Mr. Knott was driving a Volvo tractor trailer owned by plaintiff, Marshall Landry, and traveling in the left lane of I-10 east[1]; defendant, William Haye was traveling in the right lane of I-10 east.[2] At some point, Mr. Haye moved into the left lane.[3] As he did so, the left rear section of the trailer of Mr. Haye's truck struck the front passenger side of Mr. Knott's

---

[1] Plaintiff exhibit A, Knott dep. P. 62. ln. 4.
[2] Plaintiff exhibit B, William Haye Depo. p. 32, ln. 13; plaintiff exhibit A, p. 62. Ln. 4.
[3] Plaintiff exhibit B, Haye Depo. p. 30, ln. 1-6, p. 31, ln. 9-12.

1

truck.[4] Mr. Haye testified that immediately prior to his changing lanes, Mr. Knott flashed his lights signaling that he could safely make a lane change; he further testified that at the time he changed lanes, he was temporarily blinded by the sun's reflection in his driver's side mirror.[5]

Mr. Haye was cited for improper lane change; he paid a negotiated fine (to a non-moving violation). Mr. Haye testified that in order to keep his driving record clean for his CDL license, he plead guilty and negotiated the citation to a non-moving violation.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific

---

[4] Plaintiffs' exhibit B, Haye depo. p. 62, ln. 3-9; plaintiffs' exhibit A, Knott depo. p. 71, ln. 1-3.
[5] Plaintiffs' exhibit B, William Haye depo. p. 29-32.
[6] Id., Haye's depo. p. 55, ln. 1-6, p. 56, ln. 2-3, p. 58, ln. 1-5.
[7] Fed. R. Civ. P. 56(c).
[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

2

facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[14]

## LAW AND ANALYSIS

Plaintiffs have filed the instant motion requesting the court to render judgment in their favor as to liability against defendants. Plaintiffs maintain that there is no genuine dispute of material fact that the cause of the accident was solely the fault of the defendant, William Haye. Plaintiffs argue that Mr. Haye had a duty to change lanes safely and/or without endangering the plaintiff. Plaintiffs assert that because Mr. Haye was the motorist changing lanes, he has the burden of proving that he determined that the movement could be made safely prior to attempting the move. Plaintiffs assert that Mr. Haye cannot meet his burden and that he was 100 percent negligent and responsible for the crash.

Plaintiffs rely on Louisiana Revised Statute 32:104(A) which provides that "[n]o person shall . . . turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

---

[11] Anderson, 477 U.S. at 249.
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[14] Anderson, 477 U.S. at 249-50.

3

Plaintiffs submit the deposition testimony of Mr. Haye wherein he stated that he had been blinded for approximately 5 to 7 seconds by the sun's reflection in his side mirror immediately prior to the accident.[15] Plaintiffs further rely on the fact that Mr. Haye was cited for improper lane change.

In an attempt to create a genuine issue of material fact for trial, defendants submit the deposition testimony of Mr. Haye wherein he stated that plaintiff, Bobby Knott, flashed his headlights to signal Mr. Haye that it was safe to make the lane change.[16] To support their contention, defendants further submit Mr. Knott's deposition where he testified as follows:

> Q. Did you at any point flash your lights at [Mr. Haye] giving him an indication that it was okay for him to merge into the left lane before you passed him?
>
> A. I had flashed him earlier - - well, I flashed the truck prior to him, then when I was passing him up, they had a flatbed behind.[17]

Defendants assert that when Mr. Knott flashed his lights to another 18-wheeler and when that driver failed to change lanes, Mr. Knott opted to pass that vehicle. The accident occurred shortly after he passed the other 18-wheeler.[18] Thus, defendants maintain that there is a genuine issue of material fact for trial as to whether or not, plaintiff, Bobby Knott, should bear any fault as to liability, and that a jury should decide if plaintiffs should be allocated a percentage of fault for the accident based on a comparative fault analysis. The court agrees that a jury should decide whether or not plaintiffs should be allocated a portion of fault for the accident that is the subject of this lawsuit.

---

[15] Plaintiffs' exhibit B, Haye's depo. pp. 28-31.
[16] Such a signal is customary for truck drivers to inform other drivers of safe lane changes.
[17] Defendants' exhibit A, Marshall Landry depo. p. 65.
[18] Id. pp. 69-71.

4

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied.

**THUS DONE AND SIGNED** in chambers on this 29th day of September, 2015.

*[signature]*
Judge James T. Trimble, Jr.
United States District Judge